UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jonathan Hamilton, | : | Case No. 1:09CV1089 |
| | : | |
| Petitioner | : | Judge Solomon Oliver, Jr. |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Michele Miller, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the

constitutionality of his convictions pursuant to a jury verdict of one count of robbery, upon which

he was sentenced to four years incarceration, and pursuant to a plea of guilty to one count of

sexual battery, upon which he was sentenced to five years incarceration, to be served

consecutively, for an aggregate sentence of nine years.[1]  Petitioner was also adjudicated a

sexually oriented offender.

Petitioner appealed his convictions to the Ohio Eighth District Court of Appeals alleging

---

[1]Petitioner had originally been charged with five counts of rape, one count of kidnapping,
one count of aggravated burglary, one count of aggravated robbery, and one count of felonious
assault.  The jury only found him guilty of robbery, and deadlocked on the remaining counts.
Those counts were set for retrial, but when petitioner appeared for sentencing on the robbery
conviction, the indictment was amended to include a sexual battery charge, the remaining counts
were nolled, and petitioner entered a guilty plea to sexual battery.

1

three assignments of error:

> I. The trial court abused it's discretion in imposing consecutive sentences for sexual battery and robbery.

> II. Jonathan Hamilton's convictions should be reversed due to insufficiency of evidence and a failure of the state to carry the manifest weight of the evidence burden.

> III. Jonathan Hamilton is entitled to a presumptive minimum sentence because a greater sentence would violate the ex post facto and due process clauses of the United States Constitution.

On October 23, 2008 the appellate court affirmed the convictions. In that opinion the court

summarized the facts of petitioner's case as follows:

> The State presented seven witnesses, including the victim and the investigating detective. At trial, the following testimony was elicited from the victim. At approximately 6:00 a.m. on September 25, 2006, appellant, who is the victim's former boyfriend, accosted her outside her apartment building when she was leaving for work. He grabbed her by the throat, dragged her back into her apartment, and forced her into her bedroom. He then forced her to take off her clothes and raped her several times by placing his mouth on her vagina, as well as inserting his finger into her vagina. She started to cry, and appellant stopped what he was doing and told her to get dressed. Appellant then pushed her down the hallway into her living room, and they both left the apartment. When they were standing outside the apartment building, appellant tried to kiss her, then reached into her purse and removed her cell phone, state ID, and credit card before leaving. She went immediately to the police to file a report and then went to Hillcrest Hospital for sexual assault care.

> Detective Harry Edwards testified to the following facts surrounding the alleged robbery. He stated that after appellant was arrested, he made an oral statement to Det. Edwards that he took the victim's cell phone to prevent her from calling the police. Appellant's written statement did not contain a similar admission, but instead only contained an admission that appellant took the victim's phone because she and appellant were angry with each other.

2

At the close of the state's case, appellant moved for a Crim.R. 29 dismissal of the charges. The court granted the motion as to the aggravated robbery charge and instead proceeded on a charge of robbery, in violation of R.C. 2911.02(A)(3). The defense then presented its case, and appellant testified to the following.

Appellant claimed that he and the victim engaged in a consensual sexual encounter on the morning of September 25, 2006 in her apartment. When he and the victim left the apartment, he took her cell phone in order to listen for messages she may have received from other men. He also testified that he intended to return the cell phone to the victim, but that he had not done so because he was instructed by the police and the court to not have any further contact with her. Appellant testified that he had not taken the victim's state ID or credit card.

At the conclusion of the trial, the jury returned a verdict of guilty on Count Eight, robbery, but was deadlocked on Counts One through Seven and Count Nine. The trial court declared a hung jury on all but Count Eight and dismissed the jurors.

On July 3, 2007, appellant returned to court at which time he pleaded guilty to an amended Count One of sexual battery, in violation of R.C. 2907.03(A)(1), a third degree felony. Counts Two through Seven and Nine were nolled. The court proceeded directly to sentencing on both the robbery and sexual battery charges. Both the victim and appellant were heard by the court.

The victim spoke as well as wrote a letter to the court expressing how she has suffered since the incident. She recounted how she had trusted appellant before this incident, but now she was frightened that he would show up at her home or place of work. She wrote that she has withdrawn from her family and friends, and she was forced to move because she was afraid appellant would find her and hurt her again.

Appellant spoke at sentencing and told the court that he felt the victim was being overly dramatic and that she made these accusations because she felt jilted. He said he never meant to hurt anyone; however, his statements were tempered by the fact that he claimed the victim was lying to the court.

The trial court then stated that it had considered their statements,

3

the presentence report, and the circumstances surrounding the crimes. The trial court sentenced appellant to five years for sexual battery and four years for robbery, to run consecutively.

Petitioner, acting pro se, appealed the appellate court ruling to the Ohio Supreme Court alleging the following three propositions of law:

> **Proposition of Law No. I:** Where indictment fails to contain vital element of crime, and state produces no evidence to satisfy this element, a criminal defendant has been convicted without sufficient evidence in violation of Fifth Amendment.

> **Proposition of Law No. II:** Where there exists no intervening arrest and crimes can be said to be of allied offenses of similar import, it is an abuse of discretion & power and unconstitutional to impose consecutive sentences.

> **Proposition of Law No. III:** Where a sentencing court imposes more punishment on a lesser included offense than was conceded to, than that imposed for an offense found guilty of, it has violated doctrine of disparity.

On April 8, 2009 the supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner filed a motion for reconsideration on April 20, 2009, but that motion was denied on June 3, 2009.

On May 12, 2009 the petitioner filed the instant petition, in which he raises the following two claims for relief:

> **A.** **GROUND ONE:** CONVICTION OBTAINED WITH INSUFFICIENT EVIDENCE.

> **Supporting FACTS:** State failed to include every element of offense in indictment, thereby reducing its burden to produce evidence for such element and denying due process of law.

> **B.** **GROUND TWO:** RECEIVED CRUEL AND UNUSUAL PUNISHMENT.

4

> **Supporting FACTS:** Discount sentencing not allowed; terms disproportionate; and crimes were allied offenses, as appellate court deduced that other crime(s) facilitated the force element of the robbery.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

The petition was timely filed in accordance with 28 U.S.C. §2244(d).

Respondent asserts that petitioner's second claim for relief is subject to dismissal on procedural grounds.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he may seek relief based upon an alleged violation of constitutional rights. Granberry v. Greer, 481 U.S. 129, 133 (1987). Such doctrine, although not of a jurisdictional nature, is based upon issues of comity, allowing the state courts the opportunity to correct any constitutional violation that may have occurred in its courts, as well as creating a complete record for review should the case eventually be heard in federal habeas corpus. Hafley v. Sowders, 902 F.2d 480, 482 (6th Cir. 1990).

A claim is deemed exhausted even if it has not been presented to the state's highest court when the petitioner is foreclosed from raising it in that forum either because the time for filing has expired or the petitioner is otherwise procedurally precluded from raising it. A default occurs in the state courts if the last state court rendering a decision makes a plain statement of such state procedural default. Harris v. Reed, 489 U.S. 255 (1989). When a petitioner fails to appeal a

5

claim to a state's highest court and when the opportunity to do so is lost, the petitioner is said to have procedurally defaulted the claim and must prove cause and prejudice for such default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Under this standard of review a petitioner must show "cause for the noncompliance and . . . actual prejudice resulting from the alleged constitutional violation." Id. at 84.

The Sixth Circuit, in Maupin v. Smith, 785 F.2d 135 (6th Cir. 1986), delineated a four part approach on habeas corpus for determining whether a petitioner's claim is barred by the failure to observe a state procedural rule. First, the district court must determine whether there exists a state procedural rule with which the petitioner failed to comply. Then the court must determine whether the state court enforced the sanction for failure to comply. If so, it must then be decided whether failure to comply with the state procedural rule constitutes an adequate and independent ground for barring federal review. If all these questions are answered in the affirmative, the petitioner must satisfy the "cause and prejudice" analysis set forth in Wainwright, supra at 138.

In the present case the respondent contends that petitioner failed to argue on direct appeal that his convictions for robbery and sexual battery were allied offenses of similar import and, therefore, he was sentenced improperly.

This Court finds that this claim was not raised on appeal to the Eighth District, although it was articulated in petitioner's brief to the state supreme court. That being so, petitioner would be unable to pursue relief on this claim in the lower appellate court, in light of the fact that he could have raised it on appeal, but did not, which causes it to be barred by the doctrine of res judicata. State v. Perry, 10 Ohio St.2d 175, 180, 226 N.E.2d 104, 105-106 (1967). It follows that in light

6

of the fact that the claim could have been, but was not, raised on direct appeal, petitioner would also be barred from raising it in a delayed appeal or in a petition for post-conviction relief. See, Collins v. Perini, 594 F.3d 592, 593 (6th Cir. 1978). Petitioner has not offered to demonstrate cause for the procedural default and actual prejudice deriving therefrom. It follows that petitioner's second claim for relief is subject to dismissal as procedurally defaulted.

Turning to merits review of petitioner's remaining claim for relief, the role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings; Williams v. Taylor, 529 U.S. 420 (2000), with the state court adjudication being "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court];" and with the state court adjudication involving an "unreasonable

7

application of clearly established Federal law, as determined by the Supreme Court" "if the state

court identifies the correct governing legal rule from [the Supreme] Court's cases but

unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court

either unreasonably extends a legal principal from [Supreme Court] precedent to a new context

where it should not apply or unreasonably refuses to extend that principal to a new context where

it should not apply or unreasonably refuses to extend that principal to a new context where it

should apply." 120 S.Ct. at 1519-1520.   In deciphering the "unreasonable application" clause

this Court must inquire as to whether "the state court's application of clearly established federal

law was objectively unreasonable." Id. at 1521.  Even if the state court decision resulted in an

incorrect application of federal law, if that decision is reasonable it will stand. Id.  See,

Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000).

 In his first claim for relief the petitioner challenges the sufficiency of the evidence relied

upon to convict him at trial.

 The standard for addressing an argument that a conviction is not supported by sufficient

evidence was enunciated in Jackson v. Virginia, 443 U.S. 307, 319 (1979), as follows: "whether,

after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt." Accord,

McKenzie v. Smith, 326 F.3d 721, 727 (6th Cir. 2003); Matthews v. Abramajtys, 319 F.3d 780,

788 (6th Cir. 2003).  In reaching its determination as to the sufficiency of the evidence this Court

may not substitute its determination of guilt for that of the factfinder and may not weigh the

credibility of the witnesses. Herrera v. Collins, 506 U.S. 390, 401-402 (1993);  Jackson v.

Virginia, 443 U.S. at 319, n.13; Brown v. Davis, 752 F.2d 1142 (6th Cir. 1985).

That standard has been modified somewhat by §2254(d) in that questions of sufficiency of the evidence are mixed questions of law and fact upon which a writ may be granted only if the adjudication of the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," §2254(d)(1), or was based upon "an unreasonable determination of the facts in light of the evidence presented" at petitioner's trial, §2254(d)(2). Starr v. Mitchell, unreported, Case No. 98-4541, 2000 U.S.App. LEXIS 25646,*9-*10 (6th Cir. October 6, 2000).

The state appellate court reviewed petitioner's claims that he was convicted without sufficient proof and held in pertinent part:

> In his second assignment of error, appellant argues that his robbery conviction was based on insufficient evidence and was against the manifest weight of the evidence. He specifically argues that the state failed to present evidence of force in order to sustain a robbery conviction, even if the victim's testimony is believed. We find no merit in this argument.

> An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 124 N.E.2d 148. A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541.

> Sufficiency of the evidence is subjected to a different standard than is manifest weight of the evidence. Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. "The court, reviewing the entire record, weighs the evidence and all

9

reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 485 N.E.2d 717.

Appellant was found guilty of robbery, in violation of R.C. 2911.02(A)(3). This statute provides: "No person, in attempting or committing a theft offense or fleeing immediately after the attempt or offense, shall do any of the following: ***, (3) Use or threaten immediate use of force against another." R.C. 2901. The term "force" is defined in R.C. 2901.01(A) as "any violence, compulsion, or constraint physically exerted by any means upon a person or thing."

In *State v. Furlow* (1992), 80 Ohio App.3d 146, 608 N.E.2d 1112, the court noted that "the definition of 'force' in R.C. 2901.01(A), without more, does not serve to sufficiently distinguish the offenses of theft and robbery, which carry very different penalties. *** [R]equiring that the force necessary to elevate a theft to a robbery involve actual or potential harm provides a meaningful distinction between the two offenses." Id.

"The test for the force or threat of force element in a robbery prosecution is objective. The element is satisfied if the accused's conduct 'in reason and common experience is likely to induce a person to part with property against his will and temporarily suspend his power to exercise his will by virtue of the influence of the terror impressed.'" *State v. Foster*, Cuyahoga App.No. 90109, 2008-Ohio-2933.

We find that the state produced sufficient evidence of force to support a robbery conviction. We do not accept appellant's narrow view of whether he exerted force against the victim only outside her apartment when he took her phone. Instead, we consider all the evidence presented at trial, and we conclude there was evidence that the sum total of appellant's conduct that morning was likely to induce the victim to part with her cell phone by virtue of the terror impressed upon her by appellant both inside and outside the apartment.

Furthermore, we do not find that the robbery conviction was

> against the manifest weight of the evidence. Both the victim and
> appellant testified as to the events that occurred that morning.
> Based on their testimony the jury was deadlocked on eight of the
> nine counts of the indictment. Clearly, the jury engaged in lengthy
> deliberations, as demonstrated by its struggle to reach consensus on
> all but the robbery charge. We do not find that the jury lost its way
> in finding appellant guilty of robbery. Appellant's second
> assignment of error is overruled.

In finding the evidence sufficient to prove the elements of the crimes charged the state

court relied entirely on state authorities, which neither resulted in a decision that was contrary to,

or involved an unreasonable application of, clearly established federal law, as determined by the

United States Supreme Court, nor was the decision based upon an unreasonable determination of

the facts in light of the evidence presented. That being so, petitioner's first claim for relief is

without merit.

Petitioner's second claim for relief having been procedurally defaulted, and his first claim

having failed on the merits, it is concluded that no claim of constitutional violation has been

presented requiring further proceedings prior to disposition on the merits and it is, therefore,

recommended that the petition be dismissed without further proceedings.


DAVID S. PERELMAN
United States Magistrate Judge


DATE:   December 28, 2009


11

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

12