UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN HAMILTON, | ) | Case No.: 1:09 CV 1089 |
| Petitioner | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| MICHELE MILLER, Warden | ) | |
| Respondent | ) | ORDER |

On May 12, 2009, Petitioner Jonathan Hamilton ("Hamilton" or "Petitioner") filed a *pro se* petition for writ of habeas corpus ("Petition," ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his (insert date) state conviction, following a jury trial of one count of robbery and a plea of guilty to one count of sexual battery. The trial court sentenced Petitioner to a prison term of four years on the one count of robbery and a term of five years on the one count of sexual battery, to be served consecutively. On October 23, 2008, the appellate court affirmed the convictions.

Hamilton alleges two claims in his Petition:

    A.    GROUND ONE: Conviction obtained with insufficient evidence.

           Supporting Facts: State failed to include every element of offense in indictment, thereby reducing its burden to produce evidence for such element and denying due process of law.

    B.    GROUND TWO: Received cruel and unusual punishment.

> Supporting Facts: Discount sentencing not allowed; terms disproportionate; and crimes were allied offenses en to produce evidence for such element and denying due process of law.

This court referred the case to Magistrate Judge David S. Perelman for preparation of a report and recommendation. On December 29, 2009, Magistrate Judge Perelman submitted his Report and Recommendation (ECF No. 12), recommending that judgment be entered in Respondent's favor. On November 24, 2009, Respondent Michele Miller ("Respondent") filed a Return of Writ.

Federal Rules of Civil Procedure 72(b) sets forth the standard a district court is to use in reviewing a magistrate judge's report and recommendation. The Advisory Committee Notes to Rule 72(b) state that "[w]hen no timely objection [to the report and recommendation] is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held, "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions under a *de novo* or any other standard, when neither party objects to those findings." The *Arn* Court found that as long as the parties are afforded clear notice of the rule regarding the filing of objections and are given the opportunity to seek an extension of time to file objections, "the failure to file objections to the magistrate's report waives the right to appeal the district court's judgment." *Id.*, 474 U.S. 140, 142 (1985).

As of the date of this Order, Plaintiff has not filed an objection to the Report and Recommendation. By failing to do so, he has waived the right to appeal the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

The court finds that after *de novo* review of the Report and Recommendation and all other relevant documents, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law.  Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation.  (ECF No. 12.)  Hamilton's Petition is hereby denied, and final judgment is entered in favor of the Respondent.  The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 31, 2010